IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD CHARLES ACEVEDO,** <br> Plaintiff, | : <br> : <br> : |
| v. | :     **CIVIL ACTION NO. 25-CV-0437** |
| | : |
| **DOUGLAS G. REICHLEY,** <br> Defendant. | : <br> : |

**MEMORANDUM**

**GALLAGHER, J.**                                                **JULY 16, 2025**

*Pro Se* Plaintiff Edward Charles Acevedo commenced this civil action against Defendant Douglas G. Reichley, alleging violations of his rights during state court proceedings and seeking a declaratory judgment and injunctive relief. (*See* ECF No. 2.) He also moves for leave to proceed *in forma pauperis*. (*See* ECF No. 1.) The Court will grant the motion to proceed *in forma pauperis* and dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**      **FACTUAL ALLEGATIONS**[1]

Acevedo was charged with criminal offenses in Lehigh County, Pennsylvania, and the matter was assigned for trial in 2023 before Defendant Douglas G. Reichley, a judge of the Lehigh County Court of Common Pleas. (Compl. at 2; ECF No. 2-1 at 1-2); *Commonwealth v.*

---

[1] The factual allegations are taken from the Complaint and publicly available records of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim). The Court adopts the sequential pagination supplied by the CM/ECF docketing system. Although the Court granted Acevedo's motion to file an amended complaint and allowed him thirty (30) days to do so, Acevedo never filed an amended complaint. (*See* Order entered April 28, 2025 (ECF No. 10).)

*Acevedo*, CP-39-CR-0001590-2021 (C.P. Lehigh).  Prior to trial, Acevedo challenged the judge's jurisdiction over his criminal case by arguing that provisions of the Uniform Commercial Code applied.  (Compl. at 2-3.)  Judge Reichley dismissed the motion because Acevedo's case "[was] a criminal matter and [did] not fall under the Uniform Commercial Code."  (ECF No. 2-1 at 2.)  Acevedo was ultimately found guilty of the criminal charges and sentenced.  *See Acevedo*, CP-39-CR-0001590-2021.

Acevedo filed this Complaint in which he continues to allege that Judge Reichley did not have jurisdiction over Acevedo's criminal case according to provisions of the Uniform Commercial Code. (Compl. at 2-3.)  He claims the judge violated his constitutional rights to "due process, rights of the accused in criminal prosecutions and citizens rights not to be abridged." (*Id*. at 4.)  He seeks declaratory and injunctive relief, in particular, that his conviction be vacated and that he be released.  (*Id*.)

## II.    STANDARD OF REVIEW

The Court will grant Acevedo leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires a court to dismiss the Complaint if, among other things, it fails to state a

---

[2] Acevedo filed a motion to proceed *in forma pauperis* (ECF No. 1) but did not submit a certified copy of his prisoner account statement as required by 28 U.S.C. § 1915(a)(2).  When the Court ordered him to file the required statement, (*see* ECF No. 5), Acevedo appealed the order to the United States Court of Appeals for the Third Circuit.  *See Acevedo v. Reichley*, No. 25-1371 (3d Cir.).  The Court of Appeals dismissed the appeal for failure to prosecute on April 16, 2025.  After the appeal was dismissed, this Court issued another order directing Acevedo to provide the prisoner account statement or have his case dismissed.  (ECF No. 10.)  He did not provide the statement, but submitted a letter dated May 7, 2025, in which he asserted that he was unable to obtain the statement from the prison.  (ECF No. 11 at 1.)  The Court deems Acevedo's letter in this case to be substantial compliance with the Court's order.  Because Acevedo is a prisoner, he must still pay the $350 filing fee for this case in installments as required by the Prison Litigation Reform Act.

claim for relief. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine if the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the screening stage, the Court accepts the facts alleged in the *pro se* complaint as true, draws all reasonable inferences in the plaintiff's favor, and considers whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Acevedo is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.    DISCUSSION**

Liberally construing the Complaint, it appears that Acevedo intends to assert constitutional claims pursuant to 42 U.S.C. § 1983. "Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Acevedo fails to state a plausible claim against Judge Reichley because the judge is entitled to absolute immunity from the claims alleged here.[3] *Capogrosso v. The Supreme Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts.") (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)); *see also Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority, rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Capogrosso*, 588 F.3d at 184 (cleaned up). Moreover, even though "absolute judicial immunity extends only to claims for damages," *Larsen v. Senate of the Commonwealth*, 152 F.3d 240, 249 (3d Cir. 1998), "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Acevedo's claims against Judge Reichley arise from judicial determinations made during the course of Acevedo's state court criminal proceedings. (*See* Compl. at 2-4.) His arguments in this Complaint merely reflect disagreement with Judge Reichley's rulings, which is insufficient

---

[3] Acevedo's request for a declaratory judgment that Judge Reichley violated his rights during the state criminal proceedings will be dismissed, because declaratory relief is unavailable to adjudicate past conduct. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

to defeat absolute judicial immunity. *See Gallas*, 211 F.3d at 769 (stating that a judge retains absolute immunity where acts are challenged as "unfair" or where "gross procedural errors" are made). All actions alleged by Acevedo were taken within Judge Reichley's judicial capacity as a neutral arbiter where he unquestionably could exercise jurisdiction as a Court of Common Pleas Judge. *See Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) ("Generally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'") (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Further, to the extent that he seeks injunctive relief, nothing in Acevedo's Complaint suggests that Judge Reichley's actions in the criminal matter were performed in an enforcement capacity. *See Azubuko*, 443 F.3d at 303-04; *Allen v. DeBello*, 861 F.3d 433, 440 (3d Cir. 2017) (a § 1983 action for declaratory or injunctive relief cannot be brought against a judge who acts in an adjudicatory capacity but is a proper defendant if she acts as an enforcer or administrator of a statute). Accordingly, Acevedo's Complaint fails to state a claim against a plausible defendant and cannot proceed.

## IV. CONCLUSION

For the reasons stated, the Court will dismiss Acevedo's Complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). Leave to amend will not be given, as the Court concludes that any attempt to amend would be futile.[4] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

---

[4] Even if Acevedo had asserted claims against a viable defendant, his claims are not cognizable in a § 1983 action and thus, not plausible. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). This means that "whenever [a prisoner's] challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—[the] challenge, however denominated and regardless of the relief sought, must be brought by

A separate Order dismissing this action follows.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**

---

way of a habeas corpus petition." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). Accordingly, to the extent Acevedo requests that his conviction be vacated and that he be released due to alleged constitutional errors, his claims are not cognizable through this civil action. *See Preiser*, 411 U.S. at 500.